No. 12,260.

KRITZMANICH ET AL. v. SPEHAR, ADMINISTRATOR.

Decided December 16, 1929. Rehearing denied January 6, 1930.

Mr. GUY D. DUNCAN, for plaintiffs in error.

Messrs. NOURSE & POWER, Mr. CLIFFORD H. STONE, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

PARTIES here appear in inverse order and are referred to as in the lower court.

Plaintiff, the administrator of the estate of John Kritzmanich, deceased, brought an action in replevin in the district court of Gunnison county, Colorado, to recover 30 head of cattle, 7 head of horses and miscellaneous farm equipment. Defendants are the two eldest of five sons of John Kritzmanich, Sr., who died November 25, 1926. The sole issue involved is whether the personal property hereinabove mentioned was owned by the deceased at the time of his death or by the defendants. Upon a trial to the court, judgment of possession was

entered for the plaintiff, which defendants now seek to review.

The evidence clearly discloses that the deceased, who was elderly and illiterate, owned and lived on a ranch together with his wife and five children; that all worked on the ranch and contributed money in various amounts, from time to time, for the purpose of purchasing the personal property which was used thereon, including the personal property in question; that the deceased exercised management and control of the entire ranch operations, including said personal property; that the cattle and horses were fed on products grown on said ranch, no compensation therefor being paid by defendants; that said personalty was assessed in the name of the deceased and taxes were paid by him; that neither of defendants made any claim of ownership of said property until after the death of decedent.

Defendants introduced evidence to the effect that the cattle and horses were all branded with a brand which was registered in the name of Kritzmanich Brothers; that as to certain cattle, horses and equipment, bills of sale were made to them as Kritzmanich Brothers; that a large amount of money was advanced by them to pay for said horses, cattle and equipment, and that the same were at all times in their actual physical possession.

It is not necessary for us to further detail the evidence disclosed by the record. It suffices to say that on the question of possession and ownership, the evidence was conflicting and that there was sufficient, proper, substantial and credible evidence from which the court had a right to determine, as it should have determined, that the property involved in this suit was all owned by John Kritzmanich, Sr., and was in his sole and exclusive possession at the time of his death. No citation of authority is necessary on the point that the judgment of a trial court, based upon such evidence, will not be disturbed by this court.

An examination of the various assignments of error

fails to show any reason why the judgment of the lower court should be reversed, but on the contrary the record discloses that the defendants, in claiming ownership of this property, were seeking thereby to deprive their mother and her other and younger children of their rights as heirs at law of the deceased, their father.

The judgment is right, and is accordingly affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Alter concur.